NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1431

———————

LARRY COOPER; TYSHA COOPER, H/W

v.

CITY OF PHILADEPHIA; BRIAN CASH, City of Philadelphia Police Officer
(Badge #2912), individually and as a police officer of the City of Philadelphia

Larry Cooper and Tysha Cooper,
                                                          Appellants

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-06222)
District Judge: Honorable Ronald L. Buckwalter

———————

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed: January 19, 2016)

———————

OPINION*

———————

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Larry Cooper appeals the grant of summary judgment on his false arrest, malicious prosecution, and false imprisonment claims against Officer Brian Cash. (Mr. Cooper also sued the City of Philadelphia, but he later dropped the City from the case. *See Cooper v. City of Philadelphia*, No. 2-13-cv-06222, 2015 WL 619619, at \*1 n.1 (E.D. Pa. Feb. 12, 2015).) Mr. Cooper alleges that, based on a faulty identification by a robbery victim, he spent 77 days in jail for a crime he did not commit (and, we note, for his courageous acts worthy of a Good Samaritan comparison). Although we share Mr. Cooper's frustration with the way events unfolded, we have no choice but to agree with the District Court that Officer Cash had probable cause to arrest him. As a result, we affirm.

## I. Background

In April 2012, Mr. Cooper, who was leaving Jefferson University Hospital in Philadelphia after emergency surgery on his wife, witnessed two men committing a robbery. He initially chased after the robbers but stopped shortly thereafter. After ending his pursuit, he went up to the victim and offered his cell phone to call the police. The victim, who had been robbed from behind and had seen Mr. Cooper near the perpetrators (likely while he was giving chase), mistakenly believed that he had been involved in the robbery.

When Officer Cash arrived on the scene, the victim said that Mr. Cooper had robbed him. Mr. Cooper says he tried to explain to Officer Cash that he was not involved in the robbery, but he alleges that the officer seemed uninterested in hearing his side of the story. Officer Cash also spoke with an eyewitness who saw the aftermath of the

2

robbery, but not the robbery itself. It is not clear from the record what the eyewitness told Officer Cash. Instead, the statements in the record from the eyewitness come from a separate conversation he had with detectives after the events giving rise to this suit. The eyewitness factored into the case in front of the District Court, but because his statements to Officer Cash are not in the record, the latter no longer relies on him as a source of probable cause.

The events at the scene of the robbery concluded with Officer Cash arresting Mr. Cooper. The charges against Mr. Cooper were eventually dropped, but not before he had spent two and a half months in jail due to his inability to make bail. In this lawsuit, Mr. Cooper alleges that Officer Cash acted unreasonably during the encounter and that the arrest was constitutionally defective.

## II. Discussion

The central question is whether Officer Cash had probable cause to arrest Mr. Cooper for the robbery. If he did, then Mr. Cooper's claims fail. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). We have held that a victim's identification, even without any other evidence, will "usually be sufficient to establish probable cause." *Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000). This rule, while not absolute, is subject only to limited exceptions for cases where the officer is aware of "[i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability." *Id.* In such instances, the identification might be "fatally undermined." *Id.*

Here, Mr. Cooper has not presented any evidence that Officer Cash knew of independent exculpatory evidence. Instead, he merely asserts that the Officer was wrong

3

to reject his version of events without doing any additional investigation. However, in light of the identification, Officer Cash was not constitutionally required to "undertake an exhaustive investigation in order to validate the probable cause that, in his mind, already existed." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 790 n.8 (3d Cir. 2000).

Nor has Mr. Cooper presented substantial evidence of the unreliability of the victim's identification. He relies heavily on the victim being robbed from behind and thus not immediately seeing the perpetrators. But the victim's representation that he saw the perpetrators, including Mr. Cooper, immediately after the robbery is sufficient to establish probable cause. The Fourth Amendment does not require that an identification be perfect in all respects. For instance, in *Wilson*, which also involved a plaintiff who had been jailed for a robbery he did not commit, we found probable cause based on a victim's identification even though 1) the plaintiff was four to seven inches shorter than the victims had described, 2) one of the victims did not pick the plaintiff out of a photo array, and 3) a witness put the plaintiff somewhere else during the time of the robbery. 212 F.3d at 791–92.

As we made clear in *Wilson*, the exception for unreliable witnesses is reserved for fairly unusual circumstances. *See, e.g.*, *id.* at 790 ("For example, if two identifying witnesses had told the officer that the robber was 7', and the officer knew that the person in the photograph was 5', the positive identification would not be enough."). This is not such a case. None of Mr. Cooper's allegations have "fatally undermined" the identification.

For these reasons, we must affirm.[1]



---

[1] Mr. Cooper's wife, Tysha Cooper, filed a loss of consortium claim in the District Court. The Court granted summary judgment to Officer Cash. *Cooper*, 2015 WL 619619, at *6. Although Mrs. Cooper is listed as an appellant here, the briefing does not attempt to revive that count. In any event, the parties agree that if Mr. Cooper's claims fail, Mrs. Cooper's claim fails as well. *Id.*